UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

WILLIE HICKERSON                          CIVIL ACTION NO. 10-cv-0898

VERSUS                                    JUDGE HICKS

WARDEN, LOUISIANA STATE                   MAGISTRATE JUDGE HORNSBY
PENITENTIARY

## REPORT AND RECOMMENDATION

**Introduction**

Willie Hickerson ("Petitioner") was by the age of 40 a five-time convicted felon. It was determined that he had sexually molested some young relatives, ages four, six, and seven, and he was charged with three counts of aggravated rape and one count of aggravated incest. Aggravated rape carries a mandatory life sentence and, at the time, was a potential capital offense. Petitioner agreed to plead guilty to attempted aggravated rape of his seven-year-old granddaughter, and the other charges were dismissed. He received the maximum 50 year sentence.

He now seeks federal habeas corpus relief on the grounds that (1) his counsel was ineffective because he promised Petitioner would receive probation if he gathered letters of support and (2) his guilty plea was not knowing and voluntary because of a combination of counsel's promise and the court's misstatement that the minimum possible sentence included no prison time. For the reasons that follow, it is recommended the petition should be denied.

**Relevant Facts and Proceedings**

The guilty plea hearing began with the district attorney calling the cases in which the four felonies were charged. He stated that there was an agreement to dismiss three of the cases if Petitioner pleaded guilty to a reduced count of attempted aggravated rape on one count. The statutory sentence for that crime would be imprisonment "for not less than ten nor more than fifty years without benefit of parole, probation, or suspension of sentence." La. R.S. 14:42 and 27(D)(1)(a). The judge and the district attorney were, however, mistaken about the possible sentence and engaged in this exchange after the prosecutor called the case:

> THE COURT: All right. And that carries zero to fifty (0 - 50) years, is that correct?
>
> MR. MARVIN: That would carry zero to fifty (0 - 50), Your Honor.

Petitioner was then called forward for the Boykin colloquy. The court asked Petitioner during that exchange if he understood the "minimum and maximum to a plea of guilty to Attempted Aggravated Rape is zero to fifty (0 - 50) years?" And Petitioner answered, "Yes, sir." Tr. 46-49. Defense counsel did not correct this mistake.[1]

At sentencing, the judge noted the impact on the victims, Petitioner's lengthy criminal record, and the request of the mother that Petitioner never be released to society. He also reviewed letters from people who had written in support of Petitioner, but he found that

---

[1] The court recently faced another sex crime case from the same state court that was challenged on habeas because the trial judge misstated the maximum sentence. Williams v. Warden, 2013 WL 1288711 (W.D. La. 2013).

Petitioner was deserving of the maximum sentence of 50 years at hard labor. Tr. 274-78. Petitioner's only response to the sentence was, "Thank you." Tr. 278.

Petitioner filed a direct appeal and challenged his sentence as excessive. The state appellate court found no abuse of the trial court's discretion in imposing the maximum sentence but noted that the trial court neglected to indicate that the 50-year sentence must be served without benefit of parole, probation, or suspension of sentence. The sentence was amended accordingly. State v. Hickerson, 968 So.2d 1218 (La. App. 2d Cir. 2007).

Petitioner later filed a state post-conviction application and argued that (1) his counsel was ineffective because counsel said Petitioner would receive a suspended sentence and probation in exchange for his plea, (2) the trial court erred in accepting his guilty plea that was not knowingly and intelligently made when Petitioner was led to believe there was an agreement with the court as to the sentence to be imposed, and (3) there was a plea bargain agreement that encompassed a sentence of zero to 50 years at hard labor that was violated when the appellate court ordered the sentence be served without benefits. Tr. 106-20. The trial court denied the application, without a hearing, based on findings that there was no plea bargain other than an agreement to dismiss the other charges, that the sentence was knowingly entered after a full guilty plea colloquy, and that counsel had done a good job of negotiating a plea agreement that reduced Petitioner's exposure. Tr. 36-43.

Petitioner sought relief from the appellate court, which observed that the trial court's order denying the claim of a breached plea agreement and involuntary plea "did not address the applicant's claim that he was advised during the plea colloquy that the sentence to be

imposed was 0-50 years and not 0-50 years without benefit of parole, as mandated by the statutes of conviction. La. R.S. 14:42 and 14:27." (The correct range was actually 10 to 50 years without benefits.) The court noted that there was no record evidence of what advice, if any, defense counsel gave Petitioner about the effect of his plea and any sentence, so the denial of relief was vacated and the matter remanded for additional proceedings. The court did so with an observation that any failure to advise Petitioner of parole ineligibility under the statutes of conviction might not have resulted in either a breached plea agreement or involuntary plea because the statutes that govern parole, La. R.S. 15:574.4(A) could make Petitioner ineligible for parole, due to the number of his prior felony convictions, no matter whether the crime to which he pleaded guilty allowed for parole. Tr. 14.

The trial court appointed counsel to represent Petitioner at an evidentiary hearing. The judge began by ruling that the absence of a statement at the plea colloquy that the sentence would be without benefit of parole did not entitle Petitioner to relief because the parole statute made him ineligible for parole, for any felony conviction, because he had more than three prior convictions. Tr. 57-61. Appointed counsel then stated that the only issue left to present evidence on was the claim of ineffective assistance of counsel. Petitioner and his former defense counsel both testified.

Larrion Hillman testified that he had several years experience prosecuting and defending felonies, and he was defending murder and rape cases for the Indigent Defender Board at the time he represented Petitioner. He said he knew that Petitioner faced a mandatory life sentence if convicted of aggravated rape and that he obtained during

discovery Petitioner's rap sheet that showed multiple felony convictions. He said he would have – with Petitioner – watched the Gingerbread House videos of interviews of the victims, reviewed police and physician reports, and discussed the applicable sentencing ranges. Hillman said he would have sat down with Petitioner and, as he did with all his clients, read the statute with him and explained the maximum and minimum penalties, which would have been 10 to 50 years imprisonment for attempted aggravated rape. He said he did not specifically recall discussing the possibility of probation, but his practice with clients was to present the potential ranges and not tell them what their actual sentence would be, reminding them that the sentence would be up to the judge. "I would not have told him exactly what he would be sentenced to or that he would get probation. Especially given his criminal record." Hillman said he would have known the correct sentencing range and would have discussed it with Petitioner. He said he did not, at the guilty plea hearing, bring to the attention of the judge and prosecutor their mistake about the sentencing range because he viewed it as potentially beneficial to his client that they believed a lesser sentencing range was applicable. Tr. 63-75.

Petitioner testified that Mr. Hillman told him that he had talked to the prosecutor and come up with a plea bargain of zero to 50 years, and there was a possibility he could get probation if he submitted enough letters of support to the judge. Petitioner claimed that he asked, "Are you sure I can get probation?" Counsel allegedly replied, "Yes, you can get probation if you get the letters in." Petitioner said he was adamant that he would not take a 50-year sentence because it would be equivalent to a life sentence at age 40. Petitioner said

that had he known the charge carried a sentencing range from 10 to 50 years he would not have pleaded guilty because he did not want to do any prison time. Petitioner claimed that even though he had served prison time before for crimes such as theft and burglary he believed he might nonetheless get only probation for attempted aggravated rape of his grandchild. Tr. 76-87.

Judge Cox ruled from the bench and denied the claim of ineffective assistance of counsel. He pointed out that Petitioner was told by the court that there was a 50-year maximum sentence, that sentencing would be up to the court, and that Petitioner had stated in his guilty plea that there were no promises or inducements made for him to enter the plea other than what had been stated at the hearing. Tr. 87-88. The state appellate court denied a writ application with a two-sentence ruling that the record, including the transcript of the evidentiary hearing, "supports the trial court's findings and denial of the applicant's post-conviction relief claims." Tr. 16. The Supreme Court of Louisiana denied writs without comment. Tr. 17.

**Ineffective Assistance of Counsel**

Petitioner bears the burden of proving two components, deficient performance and prejudice, to establish ineffective assistance of counsel. Counsel's performance was deficient only if he made errors so serious that, when reviewed under an objective standard of reasonable professional assistance and afforded a presumption of competency, he was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland v. Washington,104 S.Ct. 2052, 2064 (1984). To show prejudice in a guilty plea case "the

defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 106 S.Ct. 366, 370 (1985).

Petitioner's Strickland claim was adjudicated and denied on the merits by the state court, so 28 U.S.C. § 2254(d) directs that the question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable, which is a substantially higher threshold. Schriro v. Landrigan, 127 S.Ct. 1933, 1939 ( 2007). The Strickland standard is a general standard, so a state court has even more latitude to reasonably determine that a defendant has not satisfied it. The federal court's review is thus "doubly deferential." Knowles v. Mirzayance,129 S.Ct. 1411, 1420 (2009).

"If this standard is difficult to meet, that is because it was meant to be." Harrington v. Richter, 131 S.Ct. 770, 786 (2011). Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and reaches only "extreme malfunctions" in the state criminal justice system. Id. Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id.

The state court did not specifically find on the record that counsel did not promise Petitioner he would receive probation, but the rejection of the ineffective assistance claim plainly implies such a finding. Section 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct" and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

This standard applies to a "state habeas court's factual findings, both implicit and explicit." Young v. Dretke, 356 F.3rd 616, 629 (5th Cir. 2004). See also Kately v. Cain, 704 F.3rd 356, 361-62 (5th Cir. 2013) (applying standard to state court's implied finding that counsel interviewed two witnesses).

There was no plausible evidence to support Petitioner's claim that counsel told him he would, or even could likely, get probation for the heinous crime he committed while already possessing a lengthy felony record. Counsel testified that he would have read through the applicable statutes with Petitioner and pointed out the correct sentencing range (that did not allow for probation). He testified that he would not have promised any particular sentence and would have told his client the sentence would be up to the judge. There is also the fact that when Petitioner was given a 50-year prison sentence, his only response was, "Thank you." It is, quite frankly, preposterous for Petitioner to suggest that his attorney advised him – given the statute's prohibition of a probated sentence, the nature of the criminal conduct, Petitioner's history of felony convictions and prison terms, and the sentences usually imposed on similar sex offenders – that he had any chance of getting probation. The state court's rejection of this claim, including an implied finding that counsel did not make a promise of probation, was sound. There is no basis for federal habeas relief on this claim.

**Involuntary Plea**

The Petitioner's claim regarding the voluntariness of his plea has changed somewhat since it was presented to the state courts. He now contends that the combination of his

counsel's false promise that he would receive probation and the trial judge misinforming him that the sentencing range was zero to 50 years (which would permit probation) combined to make his plea involuntary. The trial judge and prosecutor did misstate the minimum sentence, but it was found above that there is no basis for the contention that defense counsel promised Petitioner he would receive probation. The question, then, is what is the effect on habeas of the trial judge misinforming Petitioner, at the guilty plea hearing, there was a minimum sentence of zero when the minimum was actually 10-years.

The standard for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 91 S. Ct. 160, 164 (1970). A guilty plea will be upheld on habeas review if it was entered into knowingly, voluntarily, and intelligently. Montoya v. Johnson, 226 F.3d 399, 405 (5th Cir. 2000). To show that a plea was so entered, the record should reflect an articulation and waiver of the privilege against self-incrimination, the right to trial by jury, and the right to confront one's accusers. Boykin v. Alabama, 89 S.Ct. 1709 (1969).

Neither Boykin nor any other Supreme Court decision squarely holds that the Constitution requires the trial judge to inform the defendant of the minimum sentence he faces. Boykin stated that when a judge discharges his function he will leave a record adequate for any later review and avoid collateral proceedings that seek to probe murky memories. The Court added a footnote that consisted of a quotation from a state court decision that said a trial court is best advised to conduct an on-the-record examination to

satisfy itself that the defendant understands the nature of the charges, the acts sufficient to constitute the offenses for which he is charged, and "the permissible range of sentences." Boykin, 89 S.Ct. 1709, n.7.

The Third Circuit has held that a state trial court's failure to advise a defendant of a mandatory minimum five-year sentence warranted habeas relief despite the provision in 28 U.S.C. § 2254(d) that habeas relief shall not be granted on a claim adjudicated on the merits in state court unless the decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court. Jamison v. Klem, 544 F.3d 266 (3d Cir. 2008). The Fifth Circuit has read Boykin's requirement the defendant understand "the plea and its consequences" to require a defendant be advised of the maximum sentence he faces. Burton v. Terrell, 576 F.3d 268, 271 n.8 (5th Cir. 2009).[2]

The trial court, with the concurrence of the prosecutor, incorrectly told Petitioner that the minimum sentence was zero when it was actually 10 years without benefits. If one agreed with the Third Circuit's holding in Jamison, this mistake could entitle Petitioner to

---

[2] The Supreme Court has since emphasized that evaluating whether a rule's application was unreasonable requires considering the rule's specificity. "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Harrington v. Richter, 131 S.Ct. 770, 786 (2011), quoting Knowles v. Mirzayance, 129 S.Ct. 1411, 1413-14 (2009). Some courts do not think Boykin squarely established a requirement that state courts admonish the pleading defendant on the range of punishment. See, e.g., State v. Honeycutt, 953 So.2d 914, 919–20 (La. App. 2d Cir.2007) (advice regarding sentencing not part of core Boykin requirements)and Aguirre–Mata v. State, 125 S.W.3d 473 (Tex. Crim. App. 2003) (court's failure to show on the record that it admonished a guilty-pleading defendant on the range of punishment is nonconstitutional error.)

habeas relief if there were nothing in the record beyond the plea transcript. This record includes, however, testimony from defense counsel at the evidentiary hearing in which he testified with a fair degree of certainty that he sat down with Petitioner, read the applicable statutes with him, and told him the correct sentencing range in the statutes as they discussed the proposed plea bargain. That testimony indicates that Petitioner was actually aware of the 10-year minimum when he decided to enter his guilty plea.

The Fifth Circuit will not find a Boykin violation where counsel or someone else has advised the defendant, prior to entry of the plea, of the punishment range. It is not necessary that the judge himself provide the information. Burton, 576 F.3rd at 271-72. Among the cases cited in Burton is Owens v. Wainwright, 698 F.2d 1111, 1113 (11th Cir.1983) (trial court failed to inform defendant of minimum sentence, but guilty plea was entered knowingly because attorney had so advised defendant) and Burdick v. Quarterman, 504 F.3rd 545 (5th Cir. 2007) (habeas denied when state habeas court found defendant was advised by someone of punishment range even though trial court did not so advise). The state court record, particularly counsel's testimony at the hearing, provides support for the state court's adjudication of this claim and prevents it from being overturned on deferential federal habeas review.

This case is admittedly different from those cited because the trial judge here did not merely omit the sentencing information; he actually misinformed Petitioner that he faced a lesser minimum sentence than what he really faced after he pleaded guilty. The record nonetheless supports the state court's implied finding that Petitioner was aware of the correct

sentencing range when he made his decision. And there is no persuasive evidence in the record that Petitioner, had the trial court announced the proper sentencing range, would have refused to plead guilty to the attempt count and would have insisted on going to trial on the three counts of aggravated rape and one count of aggravated incest.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be denied.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of July, 2013.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE